## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AMERICAN REMANUFACTURERS, INC., et al.,[1] | Case No. 05-20022 |
| Debtors. | (Jointly Administered) |

### TRUSTEE'S MOTION FOR ORDER SHORTENING AND REDUCING TIME FOR NOTICE AND HEARING ON TRUSTEE'S MOTIONS

Montague S. Claybrook (the "Trustee"), the Chapter 7 Trustee for the jointly administered estates of the Debtors, by and through his proposed counsel Fox Rothschild LLP, hereby files this motion for an order shortening and reducing time for notice and hearing on the (i) motion of the Trustee for an order approving settlement by and among the Trustee, Prepetition Senior Agent and certain Senior Lenders pursuant to Fed. R. Bankr. P. 9019; and (ii) application for an order pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2014 authorizing the employment of BBK, Ltd. by the Trustee (the "Motion to Expedite"). In support of the Motion to Expedite, the Trustee respectfully states as follows:

1. Contemporaneously here with, the Trustee is filing a motion for an order approving settlement by and among the Trustee, Prepetition Senior Agent and certain Senior Lenders pursuant to Fed. R. Bankr. P. 9019 (the "Settlement Motion").

2. Contemporaneously here with, the Trustee is filing an application for an order pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 2014 authorizing the employment of BBK, Ltd. by the Trustee (the "Employment Application").

---

[1] The Debtors are the following entities: (i) ARI Holdings, Inc., (ii) American Remanufacturers, Inc., (iii) Ohio Caliper, Inc., (iv) Automotive Caliper Exchange Incorporated, (v) Klickitat, Inc., (vi) ATSCO Products, Inc., (vii) ABS Friction, Inc., (viii) Car Component Technologies, Inc., (ix) New Driveline Inc., and (x) American Driveline, Inc. (each a "Debtor" and, collectively, the "Debtors").

PH1 784346v1 12/09/05

3.  Fed. R. Bankr. P. 9006(c)(1) provides in relevant part that that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(2) states that the Court may not reduce the time for taking action under certain other bankruptcy rules, none of which is applicable here.

4.  Fed. R. Bankr. P. 9007 permits the Court to designate the form and manner in which notice shall be given, and the entities to be served with such notice.

5. The Trustee contends that it is essential that hearings on shortened time and notice be held on the Settlement Motion and the Employment Application. On November 29, 2005, the Court entered the Bid Procedures Order.[2] In addition to approving an expeditious auction and sale process that will conclude in one week from the date hereof, the Bid Procedures Order also provided that "that the Trustee's willingness to conduct the Auction is predicated upon an agreement in principle reached between the Prepetition Senior Agent (subject to required lender approvals) and the Trustee, concerning, inter alia, (i) funding of Chapter 7 expenses, (ii) final allowance of the liens and claims of the prepetition secured lenders, and (iii) concessions by the prepetition senior lenders to create a fund for distributions to the Debtors' creditors." The finalized terms of the agreement referenced are embodied in a Settlement Agreement and Release of Claims between the parties, which is the subject of the Settlement Motion. The successful conclusion of the auction and sale process is contingent upon approval of the Settlement Agreement and Release of Claims. Furthermore, BBK has been an integral

---

[2] Any capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Motion and the Employment Application.

component of the auction and sale process, as more specifically set forth in the Employment Application and the approval of their employment by the Trustee is necessary.

6. The Trustee submits, for the foregoing reasons and the auction and sale process approved by the Court, that an expedited hearing on the Settlement Motion and the Employment Application will be in the best interest of the Debtors' estates.

7. The parties in interest and all creditors will still have the opportunity to appear and be hears on the Settlement Motion and the Employment Application. Notice of the Settlement Motion and the Employment Application will be served on the Office of the United States Trustee, Debtors' counsel, counsel for Prepetition Senior Agent, counsel for DDJ Capital Management LLC, all parties requesting notice pursuant to Fed. R. Bankr. 2002 and all creditors.

8. The Trustee requests that the Motion be heard on **December 16, 2005 at 11:00 a.m. The Trustee submits that this date is already scheduled for approval of the sale and final approval of the Trustee's use of cash collateral in these cases and presents minimal inconvenience to the Court.** If the Court is not inclined to conduct a hearing on December 16, 2005, then the Trustee requests that the Motion be heard at the Court's earliest convenience. If the Court grants the Motion to Expedite, a copy of the Order entered shall be served upon the Office of the United States Trustee, counsel to the Debtors, counsel to Black Diamond Commercial Finance, LLC, and counsel to DDJ Capital Management, LLC.

9. Courtesy copies of the Motion to Expedite are being sent, via facsimile or e-mail, to the Office of the United States Trustee, counsel to the Debtors, counsel to Black Diamond Commercial Finance, LLC, and counsel to DDJ Capital Management, LLC.

**WHEREFORE**, the Trustee respectfully requests the entry of an order approving the form, manner, sufficiency and shortening of notice of the Settlement Motion and Employment Application as contemplated hereby such that a hearing on the Settlement Motion and Employment Application shall be held on __Dec 15__, 2005 at __11:30 a.m.__, with objections, if any, to be filed with the Court and served upon the undersigned attorneys so as to be received not later than __Dec 15__, 2005 at __noon__.

**FOX ROTHSCHILD LLP**

By: __/s/ Sheldon K. Rennie__
Sheldon K. Rennie, Esquire
Delaware Bar No. 3772
919 N. Market Street, Suite 1300
Wilmington, DE 19801-3046
Tel (302) 654-7444/Facsimile (302) 656-8920
srennie@foxrothschild.com

-and-

Michael G. Menkowitz, Esquire
Joshua T. Klein, Esquire
2000 Market Street, Tenth Floor
Philadelphia, PA 19103
Tel (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jklein@foxrothschild.com

Dated: December 9, 2005

Proposed Counsel to Montague S. Claybrook, Chapter 7 Trustee

SO ORDERED this __9__ day of __Dec__, 2005

__/s/ Peter J. Walsh__
Peter J. Walsh,
United States Bankruptcy Judge

4